**In re John Van RYE, Debtor.**

**Bankruptcy No. 94–42364.**

United States Bankruptcy Court,
D. Massachusetts.

March 27, 1995.

Harold B. Murphy, Chapter 7 Trustee.

---

George Desmond, Framingham, MA, for debtor.

## MEMORANDUM

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court for determination is an "Objection by Trustee to Debtor's Claims of Exemptions" (the "Trustee's Objection") filed by the Trustee in Bankruptcy, Harold B. Murphy, and the "Debtor's Response to Trustee's Objection to Debtor's Claim of Exemptions" (the "Debtor's Response") filed by the debtor, John Van Rye (the "Debtor"). The issue before the Court is whether a Trustee in Bankruptcy has standing to object to a debtor's claim of homestead exemption under Massachusetts General Laws, ch. 188, § 1, if there exists any pre-existing debt.

### I. Background

The facts in this case are not complex. Prior to 1980, the Debtor and his spouse purchased real property located at One John Street, Medway, Massachusetts (the "Real Property") as tenants by the entirety. On or around July 20, 1990, the Debtor recorded a Declaration of Homestead on the Real Property. The parties agree that the value of the Real Property is approximately $98,000. The Real Property is encumbered by a first mortgage held by Medway Cooperative Bank, in the approximate amount of $20,000, leaving approximately $78,000 in equity. Accordingly, the Debtor's one half interest[1] in the equity of the Real Property has the value of approximately $39,000.

The Debtor filed a Chapter 7 petition on June 1, 1994. On June 22, 1994, Harold B. Murphy was appointed as Interim Trustee and continues to serve as the Trustee in Bankruptcy. In Schedule "C" of the petition, the Debtor elected the exemptions available under state law pursuant to 11 U.S.C. § 522(b)(2). The Debtor claimed various exemptions[2], including the homestead exemption in the amount of $100,000, pursuant to Mass.Gen.Laws Ann. ch. 188, § 1.

The Trustee timely filed his Objection and the Debtor filed his Response. After hearing, the Court took the matter under advisement and ordered briefs to be submitted by December 16, 1994.[3]

### II. Positions of the Parties

In his Objection, the Trustee argues that the Debtor's claim of exemption in "all property . . . not heretofore scheduled in which the debtor has or may have an interest vesting after the date of the order of relief" should be denied on the ground that it is overly vague and ambiguous. The Trustee was concerned that the Debtor was claiming an exemption in the Debtor's interest in a laundromat business[4] that is jointly owned with the Debtor's spouse. However, this issue was resolved at the hearing after the Debtor asserted that he was not claiming an exemption in the laundromat business.

The second argument raised by the Trustee is contested. The Trustee asserts that the Debtor's claim of the homestead exemption, pursuant to Mass.Gen.Laws Ann. ch.

---

1. The parties appear to agree that the Debtor's interest in the Real Property is equivalent to one-half of its value.

2. One of the Debtor's claims of exemptions included "all property, if any, both tangible and intangible, not heretofore scheduled in which the debtor has or may have an interest vesting after the date of the order of relief" The values attributed to the claimed exemption and property were both listed as "uncertain".

3. The Debtor and the Trustee both filed briefs prior to the Court's imposed deadline of December 16, 1994. Approximately one week later, on December 22, 1994, the Debtor filed on "Debtor's Motion to Respond to Brief of Trustee on

Debtor's Claim of Exemptions" ("Motion to Respond") in which he responds to various arguments in the Trustee's brief. The Trustee did not file an opposition thereto. The Court hereby allows the Motion to Respond.

4. In Schedule "B" of his petition, the Debtor lists the laundromat business located at 108 Main Street, Medway, MA. The Debtor states "[t]here are 27 washers, 15 dryers and miscellaneous equipment. The equipment is 13 years old. The cash flow of the business is negative because of the constant repairs needed on the equipment. Debtor doubts this business has any value at liquidation." The value of the property is listed as "uncertain."

188, § 1,[5] is inapplicable to debts contracted prior to the recording of the Declaration of Homestead. Relying on the statements made by the Debtor at a Rule 2004 Examination and on the bankruptcy schedules, the Trustee maintains that the Debtor incurred unsecured obligations in the approximate amount of $36,000 *prior to* recording the Declaration of Homestead.[6] The Trustee goes on to assert that, to the extent there is approximately $36,000 of pre-homestead debt, the Trustee has standing to object to the homestead exemption either (1) pursuant to his avoidance powers under 11 U.S.C. § 544(b), or (2) pursuant to his administrative powers as the representative of the estate. Finally, the Trustee argues that, but for the actions of the Trustee in objecting to the Debtor's claim of the homestead exemption, the pre-homestead creditors (comprised only of unsecured creditors) would otherwise be barred after discharge from asserting rights against the Real Property.

The Debtor argues that the Trustee lacks standing to challenge the homestead exemption pursuant to § 544(b) because the recording of the Declaration of Homestead is not a "transfer" within the meaning of § 544(b). Moreover, the Debtor asserts that the pre-homestead creditors, and not the Trustee, should be responsible for objecting to the exemption to preserve their rights against the Real Property. The Debtor obviously agrees with the Trustee that to the extent that the pre-homestead creditors fail to raise an objection to the Debtor's claim of the homestead exemption (and they did not), they are barred from pursuing their rights against the Real Property after discharge.

### III. *Discussion*

Relying on the reasoning applied in Judge Kenner's decision, *In re Miller*, 113 B.R. 98 (Bankr.D.Mass.1990), the Debtor argues that the recording of the homestead exemption is not a "transfer" within the meaning of § 544(b). In the *Miller* decision, the court held, that under Massachusetts law, a debtor's declaration of homestead removed the debtor's residence from the reach of a post-homestead judgment creditor, even though the alleged tort giving rise to the creditor's claim occurred prior to the recording of the homestead. 113 B.R. 98. Ruling that the declaration of homestead was not a fraudulent conveyance, the court noted that "[b]y recording the declaration of homestead, [the debtor] did nothing more than claim an exemption that the law made available for his and his family's protection.... [there was] no reason to avoid the declaration of homestead as fraudulent." 113 B.R. at 105.

■ This Court agrees that the recording of a declaration of homestead is not a "trans-

---

**5.** Massachusetts General Laws, chapter 188, § 1 provides:

> An estate of homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:
> (1) sale for taxes;
> (2) for a debt contracted prior to the acquisition of said estate of homestead;
> (3) for a debt contracted for the purchase of said home;
> (4) upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;
> (5) where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand.
> For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

Mass.Gen.Laws Ann. ch. 188, § 1 (West 1992).

**6.** The Trustee alleges that the pre-homestead creditors comprise between 80% and 100% of the unsecured creditors in the case. In his Motion to Respond, the Debtor concedes that pre-homestead creditors represented 80% of the creditors scheduled in the bankruptcy petition.

fer" within the meaning of § 544(b). Section 544(b) provides:

> (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debt or that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable under section 502(e).

11 U.S.C. § 544(b). As the statute indicates, § 544(b) gives the trustee in bankruptcy the rights of actual unsecured creditors under applicable law to "avoid" certain transfers.

The Trustee's "avoidance" of the homestead exemption, pursuant to § 544, would void or legally annul the Debtor's homestead exemption. That is not the intent of the Massachusetts exemption statute. The intent of the statute is to simply make the exemption *ineffective* against the rights of pre-homestead creditors. *See Miller,* 113 B.R. at 104; *In re Giarrizzo,* 128 B.R. 321, 322 (Bankr.D.Mass.1991) ("The exemption is ineffective . . . with respect to debts contracted prior to the declaration of homestead."). Therefore, it is conceptually incorrect to view the assertion of the Trustee's rights as an attempt to avoid the exemption. Rather, rights are being asserted *in conformity* with the exemption. *See* Mass.Gen.Laws Ann. ch. 188, § 1.

The Trustee also argues that he has the right to object to the Debtor's homestead exemption in his capacity as representative of the estate. The Trustee relies on *First National Bank of Mobile v. Norris,* 701 F.2d 902 (11th Cir.1983). In that case, the debtor filed under Chapter 7 on December 17, 1980, approximately seven months after the Alabama homestead exemption had increased from $2,000 to $5,000. 701 F.2d at 903. The debtor argued that only the creditors that extended credit prior to the amendment of the statute had standing to object to the debtor's claim of the larger exemption. *Id.* The *Norris* court rejected this argument and determined that a trustee in bankruptcy was a proper party-in-interest to object to the debtor's homestead exemption on behalf of all pre-homestead creditors. *Id.* The court noted that:

> [i]n objecting to the claimed exemptions, however, the trustee was not using the avoidance powers of section 544, but was acting a the "representative of the estate" under § 323, with the capacity to sue and be sued. As the representative of the estate, trustee had a definite property interest in whether property of the debtor's estate was allowed as exempt property. The trustee had a duty to collect the property of the estate. 11 U.S.C. § 704. That duty inevitably involved determining what property was exempt.

*Id.*

■■■ This Court agrees with the reasoning of the *Norris* court that a trustee is a proper "party in interest" to file an objection to exemptions claimed by a debtor. *See In re Brooks,* 12 B.R. 22, 24 (Bankr.S.D.Ohio 1981) ("[T]he question of what is or what is not exempt property is inextricably interwoven with the duties of the trustee to so collect and reduce to money the property of the estate."). Therefore, the Trustee, in his capacity as representative of the estate, has standing to object to the Debtor's claim of the homestead exemption if there exists nonexempt equity in the Real Property. In this case, the parties agree that there is approximately $36,000 of unsecured debt incurred prior to the recording of the declaration of the homestead. The parties also agree that the Debtor's one half interest in the equity of the Real Property has a value of approximately $39,000. Therefore, it would follow that approximately $36,000 of equity is not exempt, because the debtor is entitled to the exemption only to the extent that his interest in the equity exceeds that pre-homestead debt.

■■■ The remaining issue to determine is distribution of the equity representing the pre-homestead debt. Should the proceeds be ratably distributed among pre-homestead and post-homestead creditors? Alternatively, should the proceeds be distributed only among pre-homestead creditors?

This Court believes that the proceeds should be distributed ratably among both pre-homestead and post-homestead creditors. Section 726 has no provision which would permit an earmarking of certain property of

the estate for distribution in accordance with the source of its origin. For example, property recovered by a trustee in bankruptcy under § 544(b) is recovered for the benefit of the entire estate. The actual unsecured creditor whose existence makes the § 544(b) recovery possible attains no greater rights than those of any other creditor at the same level of distribution. *See* 11 U.S.C. § 726.

The Court rejects the notion that the pre-homestead creditors should be given a priority over other unsecured creditors. Such a result would undermine the distribution scheme of the Bankruptcy Code. The pre-homestead creditors are not lien creditors; their claims would not survive a bankruptcy discharge but for the actions of the Trustee.

In view of the foregoing, the Trustee's Objection is sustained. The Court finds that the Trustee, as a representative of the estate, has standing to object to the Debtor's claim of the homestead exemption to the extent of the pre-homestead creditors. The equity representing the pre-homestead debt inures to the benefit of all creditors of the bankruptcy estate—that is, pre-homestead and post-homestead creditors. The Debtor, therefore, is entitled to a homestead exemption, pursuant to Mass.Gen.Laws Ann., ch. 188, § 1, to the extent that there is any remaining equity after the pre-homestead debt.