**In re Dennis M. BOUCHER, Debtor.**

**Bankruptcy No. 96–41215–JFQ.**

United States Bankruptcy Court,
D. Massachusetts.

Dec. 2, 1996.

John A. Burdick, Jr., Chapter 7 Trustee, Burdick & Dileo, Worcester, MA.

Michael J. Tremblay, Marlborough, MA, for Dennis M. Boucher.

---

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

The chapter 7 trustee, John A. Burdick, Jr. (the "Trustee"), objects to the claim to a Massachusetts homestead exemption made by Dennis M. Boucher (the "Debtor"). Claims held by some creditors were in existence prior to the Debtor's prebankruptcy declaration of his residence as his homestead, so that under Massachusetts law these debts are not subject to the exemption. The question arises whether this limitation by Massachusetts on its homestead exemption is effective in bankruptcy.

Massachusetts is not among the many states that have chosen to require their residents who file for bankruptcy to utilize only the property exemptions available under state law. The Debtor thus had the right to elect between Massachusetts exemptions and those available to him under section 522(d) of the Bankruptcy Code. *See* 11 U.S.C. § 522(b) (1994). He chose to take advantage of the Massachusetts exemptions, presumably because the amount of its homestead

exemption is larger than the $15,000 exemption afforded by section 522(d)(1) of the Code.

The relevant Massachusetts statutes are quoted below.[1] Pursuant to the procedure spelled out in the statutes, on July 14, 1995 the Debtor recorded with the Worcester District Registry of Deeds an executed "Declaration of Homestead," declaring that he owned and occupied his home at 268 Cordaville Road, Southborough, Massachusetts "as a residence and homestead under Massachusetts General Laws, Chapter 188...." He filed his chapter 7 petition on March 12, 1996, scheduling total unsecured debt of $60,081.13 contractually incurred to thirty creditors.

The present dispute arises out of the statutory provision stating the homestead exemption does not protect against "a debt contracted prior to the acquisition of said estate of homestead." Mass.Ann.Laws ch. 188, § 1 (Law.Co-op.1994). In an attempt to determine how many of the debts fell within this exception, Debtor's counsel wrote to all creditors asking them for statements of account as of the date of the homestead declaration.

---

1.    An estate of homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:
  (1) sale for taxes;
  (2) for a debt contracted prior to the acquisition of said estate of homestead;
  (3) for a debt contracted for the purchase of said home;
  (4) upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;
  (5) where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand;
  (6) upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.
  For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in com-

mon; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.
Mass.Ann.Laws ch. 188, § 1 (Law.Co-op.1994).
  To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated. To acquire a claim of homestead in a manufactured home, the fact that it is designed to be held as such shall be set forth in a writing duly signed, sealed and acknowledged and filed at the city or town clerk's office in the city or town in which the manufactured home is located. The acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate.
Mass.Ann.Laws ch. 188 § 2 (Law.Co-op.1994).

Seven of the thirty creditors responded. All seven furnished information indicating their debts were incurred prior to the Debtor's recording of his homestead exemption. They aggregate $7,984.53. It may be that the debts of other creditors were also incurred prior to then. Or perhaps there are no other prehomestead creditors and only prehomestead creditors responded because they alone were motivated by a desire to establish their immunity from the homestead exemption. In any event, it is clear that of the $60,081.13 indebtedness in existence as of the time of the bankruptcy filing, at least $7,984.53 was contracted prior to the Debtor's declaration of his homestead exemption.

The Debtor's statement of affairs lists his residence at a value of $130,000.00, subject to a secured debt totaling $82,585.53. This leaves equity of $47,414.47, well under the $100,000.00 limitation on the exemption. *See In re Giarrizzo*, 128 B.R. 321 (Bankr.D.Mass. 1991) (homestead exemption applies to debtor's equity, not property's total value). The Trustee contends the exemption should be disallowed to the extent of the amount of the scheduled debt in existence at the time of declaration of the homestead. By the Debtor's calculation, this would be $7,984.53. The extent of the exemption, the Trustee says, is determined by state law. The Trustee would sell the property and distribute $7,984.53 of the proceeds to *all* creditors. *See In re Rye*, 179 B.R. 375, 378–79 (Bankr.D.Mass.1995) (declining to earmark nonexempt home equity for prehomestead creditors).

The Debtor concedes the Trustee has standing to object to the claimed exemption even though under Massachusetts law the exemption is valid only as to some creditors. *See Rye*, 179 B.R. at 377–78 (affirming trustee's standing). But, the Debtor says, a sale of the home to distribute only $7,984.53 to creditors is simply not worth the effort, especially taking into account the need to pay a broker's fee. The Debtor would have the Trustee abandon the bankruptcy estate's rights in the property.

There is a more basic question which has not been argued by the parties: Is the Massachusetts exception for prehomestead debts effective in bankruptcy? That is an issue undecided to date.[2]

Allowing a debtor to elect state exemptions constitutes a significant deference to state law on the part of Congress, as does the congressional authorization for states to pass legislation prohibiting their residents from claiming federal exemptions pursuant to section 522(d). *See* 11 U.S.C. § 522(b) (1994). Congress nevertheless enacted two general rules without giving any indication they are to apply only to the federal exemptions. First, it invalidated exemption waivers, making no exception for waivers deemed valid under state law. *See* 11 U.S.C. § 522(e), (f) (1994).

Second, and more to the point here, Congress made exempt property liable only for certain nondischargeable debts and unavoided liens. In doing so, it expressed no deference for debts protected by state law from the state's exemptions. Section 522(c) provides:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under 502 of this title as if such debt had arisen, before the commencement of the case, except—

---

2. In *In re Rye*, 179 B.R. 375 (Bankr.D.Mass. 1995), Judge Boroff dealt with an equity of $39,000.00 and predeclaration debts of $36,-000.00. He held the trustee had standing to object to the exemption claim and that $36,-000.00 (less expenses) should be distributed to all the creditors, not just the predeclaration creditors. Like the parties here, the parties in *Rye* assumed that no exemption was available against prehomestead creditors. As a result, the court did not address the question. In *In re Miller*, 113 B.R. 98 (Bankr.D.Mass.1990), a $1.2 million negligence judgment constituted the largest debt. The accident occurred prior to the homestead declaration and the judgment was issued thereafter. Judge Kenner held the statutory exception for a "debt contracted prior to the acquisition of said estate of homestead" does not include a tort claim not reduced to judgment. She accordingly allowed the exemption in full and had no occasion to consider the effectiveness in bankruptcy of the exception for prehomestead debts.

(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection 544, 545, 547, 548, 549 or 724(a) of this title; and

(ii) not voided under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed; or

(3) a debt of a kind specified in section 523(a)(4) or section 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

11 U.S.C. § 522(c) (1994).

In light of the clear command of section 522(c) and the pre-emptive power of Congress under its constitutional authority to establish uniform bankruptcy laws, congressional approval of the use of state exemptions cannot be taken to extend to exemptions that protect debts left unprotected by section 522(c). Yet, Congress obviously wanted a debtor to have exempt property. The result is that the Debtor's election of the state exemption stands, but the state exception for prehomestead debts does not. Invalidating this exception to the exemption is much like voiding the waiver of a state exemption pursuant to section 522(e), notwithstanding the waiver's validity under state law. Courts have had no difficulty doing this. *E.g., Dominion Bank of Cumberlands, N.A. v. Nuckolls*, 780 F.2d 408 (4th Cir.1985); *In re Blair*, 79 B.R. 1 (Bankr.D.Ariz.1987).

Courts dealing with comparable questions under other state exemption laws have come to the same conclusion. *E.g., Snow v. Green (In re Snow)*, 899 F.2d 337 (4th Cir.1990) (landlord's judicial lien avoidable under § 522(f) notwithstanding exception in Virginia homestead law for rental debts); *In re Scott*, 199 B.R. 586, 590–95 (Bankr.E.D.Va. 1996) (exception in Virginia homestead exemption statute for obligations arising from an intentional tort not valid by reason of § 522(c)); *In re Conyers*, 129 B.R. 470 (Bankr.E.D.Ky.1991) (exception in Kentucky homestead exemption statute for debts incurred prior to purchase of homestead property not valid in bankruptcy because of § 522(c)); *In re Cooley*, 67 B.R. 229 (Bankr. N.D.Ala.1986) (Alabama's denial of homestead exemption protection from tort liability ineffective in bankruptcy because exemption right is right of removal of property from bankruptcy estate and not right of protection from seizure); *Contra In re Godfrey*, 93 B.R. 451 (Bankr.E.D.Va.1988) (exception in Virginia homestead law for rental debts applies in bankruptcy, notwithstanding § 522(c), as an exception impliedly authorized by Congress); *In re Shines*, 39 B.R. 879 (Bankr.E.D.Va. 1984) (same).

The issue raised by the present case arises in part out of the difference between the function of a state homestead exemption outside of bankruptcy and the way it operates in bankruptcy. The Massachusetts homestead exemption is designed to provide protection against "attachment" or "levy" by individual creditors. Mass.Ann.Laws. ch. 188 § 1 (Law.Co-op.1994). In contrast, a bankruptcy exemption removes the exempt property "from property of the estate...." 11 U.S.C. § 522(b) (1994). This is because bankruptcy is a collective proceeding designed for the benefit of all creditors. The Bankruptcy Code focuses on individual creditor rights only in its scheme of priority and nondischargeability.

Meshing state exemption laws with the Bankruptcy Code has raised problems beyond those arising from the proclivity of states to make exceptions in their homestead laws for certain types of debts. One area of controversy, whose resolution is especially instructive here, is the interplay between section 522(f) avoidance rights and a state statute that exempts specified property only to the extent the property is not encumbered by a security interest or other lien. When a debtor seeks, under section 522(f), to avoid a lien on property which would be exempt under state law were it not for the lien, some courts have permitted the debtor to do so. They believe a state law excluding encumbered property from its list of exemptions is

at odds with the debtor's section 522(f) lien avoidance rights, and hence ineffective in bankruptcy. *E.g., In re Leonard,* 866 F.2d 335 (10th Cir.1989); *Hall v. Finance One of Georgia, Inc. (In re Hall),* 752 F.2d 582 (11th Cir.1985). Other courts see it differently. They reason that if state exemption law applies to the case, the state's definition of exempt property must control in its totality, even though the result is denial of section 522(f) lien avoidance rights. *E.g., Pine v. Creditthrift of America, Inc. (In re Pine),* 717 F.2d 281 (6th Cir.1983); *McManus v. Avco Financial Services of Louisiana, Inc. (In re McManus),* 681 F.2d 353 (5th Cir. 1982).

This conflict in the case law was resolved by the Supreme Court in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Florida law made homestead property exempt from execution only if the execution was recorded after the homestead property was acquired. The creditor before the Court had recorded her execution prior to the debtor acquiring the property. She contended section 522(f) lien avoidance powers operate only upon property exempt at state law and thus are not effective to avoid her execution because of the nonexempt nature of the property under Florida law. Noting the divergence in the case law over the effect a state's exclusion of encumbered property from its list of exemptions, the Court disapproved the decisions denying section 522(f) avoidance rights. As the Court saw it, such decisions essentially nullify section 522(f).

The creditor in *Owen* argued that a state's definition of exempt property must control because of the congressional decision approving use of state exemptions in bankruptcy. *Id.* at 313, 111 S.Ct. at 1837–38. The Court responded by pointing out that section 522(f) grants avoidance rights "[n]otwithstanding any waiver of exemptions," so it makes no difference that the debtor has waived the exemption and state law validates that waiver. *Id.* The Court further stated:

> Just as it is not inconsistent with the policy of permitting state-defined exemptions to have another policy disfavoring waiver of exemptions, whether federal- or state-created; so also it is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal- or state-created. We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute contains.

*Id.*

The policy "competing" with the Massachusetts exception for prehomestead debts is section 522(c). That subsection makes exempt property liable only for certain nondischargeable debts and unavoided liens. Debts contracted prior to a declaration of homestead are not among these.

A separate order has issued declaring the Debtor's equity in his home totally exempt.