**In re Linda GRIFFIN, Debtor.**

**Bankruptcy No. 96–15171–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division,

March 25, 1997.

Louis J. Molinari, Law Offices of William Kevin Brown, Weymouth, MA, for Debtor.

Lynne F. Riley, Lynne F. Riley & Associates, Boston, MA, trustee.

WILLIAM C. HILLMAN, Bankruptcy Judge.

### DECISION REGARDING OBJECTION TO EXEMPTION

In November of 1980, Linda Griffin (the "Debtor") and her husband purchased a house (the "Property"). Thereafter, the couple executed a Declaration of Homestead. It appears from the signature line on the declaration that the Debtor was the first signatory on the declaration.[1]

The couple divorced in September of 1995. As part of the divorce, the couple deeded the Property to the Debtor in January of 1996 without reserving the estate of homestead. The deed was recorded in June of 1996. The Debtor recorded a Declaration of Homestead that same month. Mass. Gen. Laws ch. 188, § 1.

The Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code (the "Code") on July 10, 1996. In her petition, the Debtor claimed an exemption in the Property pursuant to Mass. Gen. Laws ch. 188, § 1. After deducting the amount of any consensual liens, the Debtor's equity interest in the Property is $87,511.38. The Debtor's petition reflects that the Debtor incurred her unsecured debts between the first and second Declaration of Homestead.

The Chapter 7 trustee (the "Trustee") filed an objection to the homestead exemption. As grounds, the Trustee argued that conveyance of the Property in 1996 terminated the first Declaration of Homestead. *See* Mass. Gen. Laws ch. 188, § 7 (homestead may be terminated by "a deed conveying the Property in which an estate of homestead exists, signed by the owner and the owner's spouse, if any which does not specifically reserve the estate of homestead ..."). The Trustee further argued that any debts which arose prior to the second Declaration of Homestead are excepted from the exemption. *See* Mass.

---

1. As such, the declaration is valid as to the Debtor. *See Dwyer v. Cempellin*, 424 Mass. 26, 31, 673 N.E.2d 863 (1996).

Gen Laws ch. 188, § 1 (homestead not exempt for "debt contracted prior to the acquisition of said estate of homestead"). The Trustee concluded by requesting that the homestead exemption be disallowed to the extent of the debt which the Debtor incurred prior to the second Declaration of Homestead.

The Debtor filed a response to the Trustee's objection. Essentially, she requested that I overrule the Trustee's objection on equitable grounds. The Debtor contended that because she has held an undivided ownership interest in the Property since 1980 and because she intended to reserve her estate of homestead at the time of the conveyance to her individually, this Court should look upon the second Declaration of Homestead as having the effective date of the first.

▮ I need not reach the merits of the parties' arguments. In her recent decision, Judge Feeney thoroughly reviewed the effect of a bankruptcy filing on the exceptions to the Massachusetts homestead exemption. *In re Griffin,* 206 B.R. 277 (Bankr.D.Mass. 1997). Judge Feeney held that because applicable provisions of the Code pre-empt the exceptions in the Massachusetts homestead, the exceptions are invalid once a debtor has filed for relief under the Code. *See also In re Boucher,* 203 B.R. 10 (Bankr.D.Mass.1996). I agree with and adopt her well-reasoned conclusion.

Having so concluded, I need not reach the merits of the Trustee's objection and the Debtor's response. It would be of no consequence if I were to rule that the Debtor terminated the first Declaration of Homestead at the time of the transfer of the Property because any debts which the Debtor incurred subsequent to the transfer are not excepted from the second Declaration of Homestead once the Debtor filed for relief. I will enter a separate order overruling the Trustee's objection.