In re Michael F. MILLS and Patricia A. Mills, Debtors.

Bankruptcy No. 96–13035.

United States Bankruptcy Court, D. Massachusetts.

Aug. 7, 1997.

Richard Askenase, Boston, MA, Chapter 13 Trustee.

Michael and Patricia Mills, pro se.

## MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF HOMESTEAD EXEMPTION

CAROL J. KENNER, Chief Judge.

The issue presented here is whether, in a bankruptcy case, the Massachusetts homestead exemption is effective against debts contracted prior to recording the Declaration of Homestead, notwithstanding 11 U.S.C. § 522(c). Relying on the Massachusetts homestead statute, M.G.L. ch. 188 § 1(2),[1] the Chapter 13 Trustee ("Trustee"), Richard Askenese, objected to the debtors' homestead exemption on the sole ground that the Debtors incurred some of their debt prior to recording their Declaration of Homestead.[2] The Debtors, Michael and Patricia Mills, opposed the Trustee's objection, arguing that their claim of homestead is proper regardless of when they incurred the debt. For the reasons set forth below, the Court will overrule the Trustee's objection.

## BACKGROUND:

Although the parties were unable to agree on a joint statement of facts, the operative facts are not in dispute. The Debtors filed their Voluntary Chapter 13 Petition on April 24, 1996. On Schedule C, they elected the exemption scheme provided by 11 U.S.C. § 522(b)(2), the state law exemptions available under M.G.L. ch. 235 § 34. On Schedule A, they listed their homestead property as having a fair market value of $390,000.00 and as being encumbered by a $292,000.00 first mortgage.[3]

The Debtors' Chapter 13 Plan provides that they will pay the unsecured creditors 10

---

1. M.G.L. ch. 188 § 1(2) provides;

An estate of homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases: (2) for a debt contracted prior to the acquisition of said estate of homestead.

2. The Trustee also objected to an unliquidated claim exemption and several retirement plan exemptions; he has since withdrawn all such objections. The Trustee raised no issue as to whether any of the unsecured debt falls within the exceptions enumerated in 11 U.S.C. § 522(c).

3. In the Trustee's Statement of Facts and Issues, he states that there is no issue as to the fair market value of the property or to the amount of equity in the property. Furthermore, the parties do not dispute that the Debtors filed a proper Declaration of Homestead on May 17, 1995.

percent of their claims over 60 months. According to Schedule F, the unsecured non-priority claims total $177,891.06 and consist almost entirely of credit card debt. The only other creditor is the mortgage holder, Andover Bank, who will be paid outside the plan.

The Trustee argues that because the Debtors incurred some of the unsecured debt prior to filing their Declaration of Homestead, they must classify their claims into pre-homestead and post-homestead claims so that he may determine distribution under the plan. The Debtors disagree. They argue that two recent decisions in this district (that hold that the Massachusetts homestead exemption is effective against both pre-homestead and post-homestead debt) are dispositive. *In re Whalen–Griffin*, 206 B.R. 277 (Bankr.D.Mass.1997); *In re Griffin*, 208 B.R. 608 (Bankr.D.Mass.1997)(relying on the holding in *In re Whalen–Griffin*). *See also, In re Boucher*, 203 B.R. 10 (Bankr.D.Mass.1996).

*ANALYSIS:*

■ The Court finds this line of cases persuasive and dispositive. In *In re Whalen–Griffin*, Judge Feeney carefully and thoroughly analyzed the relevant statutes and case law on the issue of whether the Massachusetts homestead exemption, when claimed by a debtor pursuant to 11 U.S.C. § 522(b)(2)(A), is effective against debts contracted both prior to and after the declaration of homestead. I agree with and adopt Judge Feeney's reasoning and holding in *In re Whalen–Griffin*.

Before concluding, I must address a recent decision in this district that rejected the above-stated reasoning and holdings. *In re Fracasso*, 210 B.R. 221 (Bankr.D.Mass.1997). In *In re Fracasso*, the Court cogently explored an alternative reading of 11 U.S.C. § 522(c) and concluded that this alternative reading was likely more consistent with the legislative history surrounding 11 U.S.C. § 522 as a whole. *Id.* Specifically, Judge Boroff found that because 11 U.S.C. § 522(c) referred to the term "exempted property" in the past tense, 11 U.S.C. § 522(c) should only apply after the exemptions have been unrestrictedly defined (by state or federal law) by 11 U.S.C. § 522(b). *Id.*

Although I agree that one could reasonably interpret 11 U.S.C. § 522(c) in several ways, I do not find the legislative history particularly supportive of any one interpretation. For example, the legislative history clearly indicates that the preservation of state rights was of paramount importance to Congress on the issue of exemptions. *See e.g.,* H.R.Rep. No. 95–595 at 122 (1977). This focus on state rights, however, does not lead to the inevitable conclusion that states should have free reign over every aspect of exemptions in bankruptcy, regardless of conflicts with federal bankruptcy law. On the contrary, as one House bill explained, "there is a federal interest in seeing that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start." *Id.* (emphasis added).

Furthermore, states are (and have always been) free to decide which property should be exempt, including which exceptions should exist in the state exemption schemes. This Court's holding in no way impinges on that right. I have stated only that the Massachusetts exception for debts incurred pre-homestead under M.G.L. ch. 188 § 1(2) is invalid in bankruptcy because it conflicts with 11 U.S.C. § 522(c) of the Bankruptcy Code.

*CONCLUSION:*

In light of the foregoing analysis, the Debtors properly claimed the homestead exemption as against all their unsecured debts. I will enter a separate order overruling the Trustee's objection.