**In re Harry W. WEINSTEIN, Debtor.**

No. Civ.A. 97–11470–EFH.

United States District Court,
D. Massachusetts.

Feb. 12, 1998.

Jeffrey D. Ganz, Riemer & Braunstein, Boston, MA, Kevin J. Simard, Riemer & Brainstein, Boston, MA, for Appellant.

Joseph P. Bernardo, Billerica, MA, for Appellee.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge

This is an appeal from a March 25, 1997 Order of the Honorable William C. Hillman, United States Bankruptcy Judge. The Order denied Appellant Patriot Portfolio, LLC's ("Appellant's") Objection to the Homestead Exemption claimed by the Debtor—Appellee Harry W. Weinstein ("the Appellee") in his bankruptcy case. The case is properly before this Court pursuant to 28 U.S.C. § 158(a)(1).

### Standard of Review

The Bankruptcy Court's findings of fact are not in dispute. The question of the proper application of the Massachusetts Homestead Act in the context of this federal bankruptcy proceeding is a question of law. On an appeal of a final order of a bankruptcy Court, this Court reviews questions of law de novo. In re Goldman, 192 B.R. 1, 5 (D.Mass.1996); citing, In re G.S.F. Corp., 938 F.2d 1467, 1474 (1st Cir.1991).

The Bankruptcy Court's decisions (1) to reopen the Appellee's bankruptcy case under 11 U.S.C. § 350(b) and (2) to reverse itself, sua sponte, are within its discretion. Hence, this Court reviews those decisions only to determine if the Bankruptcy Court abused its discretion. See In re Sheerin, 21 B.R. 438, 440 (1st Cir. BAP 1982).

### The Homestead Act and the Bankruptcy Code

The primary claim in this appeal is that the Bankruptcy Court erred in determining that the Massachusetts Homestead Act (Mass.Gen.L. ch. 188) was preempted by the Bankruptcy Code in the instant circumstances. Paragraph Three of Judge Hillman's Order states:

> Whereas based upon Whalen–Griffin [In re Whalen–Griffin, 206 B.R. 277 (Bankr. D.Mass.1997)], I conclude that once a debtor has filed for relief, the applicable provisions of the Bankruptcy Code pre-empt the exceptions to the Massachusetts homestead exemption.

The exceptions to the homestead exemption, referred to in Judge Hillman's Order, are listed in Section One of the Homestead Act. Mass.Gen.L. ch. 188 § 1(1)–(6). The second exception listed in Section One excludes from a homestead "a[ny] debt contracted prior to the acquisition of said estate of homestead." Mass.Gen.L. ch. 188 § 1(2).

Four of the Judges of the Bankruptcy Court for the District of Massachusetts have ruled that this exception to the Massachusetts Homestead Exemption is preempted by the Bankruptcy Code. See In re Whalen–Griffin, 206 B.R. 277 (Bankr.D.Mass.1997); In Re Boucher, 203 B.R. 10 (Bankr.D.Mass. 1996); In re Mills, Lawyers Weekly No. 03–050–97 (Bankr.D.Mass. Aug. 18, 1997, Kenner J.). Only Judge Henry Boroff has held to the contrary. See In re Fracasso, 210 B.R. 221 (Bankr.D.Mass.1997).

After reviewing the memoranda of the parties in this case, and the Bankruptcy Court decisions from the District of Massachusetts which explore the interplay between the Bankruptcy Code and the Massachusetts Homestead Act, I am convinced that Judge Hillman's decision is sound. The exceptions for prior contracted debts and previously recorded judicial liens under the Massachusetts Homestead Act are preempted because they conflict with 11 U.S.C. § 522.[1]

Judge Hillman explicitly relied upon the language of the code and the opinion of Judge Feeney in *In re Whalen–Griffin*, in determining that the Bankruptcy Code preempted the statutory exceptions to the Homestead Act. Judge Hillman's reliance upon *In re Whalen–Griffin* was well founded. This Court too is persuaded by the reasoning in *In re Whalen–Griffin*. In addition, this Court's decision to affirm Judge Hillman's order is based upon the reasoning and insight in *Boucher* where Judge Queenan ruled that the Bankruptcy Code preempted the state exception for prehomestead debt. *In re Boucher*, 203 B.R. at 12. In so ruling, Judge Queenan noted that the fundamental issue in the case arose out of the "difference between the function of the state homestead exemption outside of bankruptcy and the way it operates in bankruptcy." *Id.* at 13. Outside of bankruptcy proceedings, the Massachusetts Homestead Act protects debtors against individual creditors. While within the bankruptcy context, the Court must interpret the law in the context of its duty to administer a "collective proceeding" designed to balance the interests of all creditors. *Id.*

Initially, this Court was concerned that this case might be distinguishable from *Boucher* and *In re Whalen–Griffin*, since the prior contracted debt in this case was secured while the debt in those cases was unsecured. Consequently, on December 23, 1997, this Court remanded the case to Judge Hillman for further consideration. On January 7, 1998, Judge Hillman affirmed his earlier decision and ruled that the secured—unsecured distinction was not material. In so ruling, Judge Hillman again relied upon the reasons set forth in *In re Whalen–Griffin*. After reviewing the facts and the relevant case law, this Court concurs with Judge Hillman's decision. The statutory conflict regarding judicial liens, between 11 U.S.C. § 522(f) of the Bankruptcy Code and Section 5 of the Homestead Act (Mass.Gen.L. ch. 188, § 5), is nearly identical to the statutory conflict between 11 U.S.C. § 522(c) and Mass.Gen.L. ch. 188, § 1(2), regarding the prior contracted debt exception. Therefore, this Court affirms Judge Hillman's decision that the Bankruptcy Code also preempts the lien exception described in Section 5 of the Massachusetts Homestead Act.

*The Constitutionality of 11 U.S.C. § 522(f)*

On appeal and for the first time in this case, appellant has raised a constitutional challenge to Section 522(f). Since the appellant did not raise, and the Bankruptcy Court did not consider, the issue of whether Section 522(f) violates the "takings clause" of the Fifth Amendment, this Court will not consider the issue.

---

1. 11 U.S.C. § 522(c) states: Unless the case is dismissed, property exempted under this section *is not liable* during or after the case *for any debt* of the debtor *that arose*, or that is determined under 502 of this title as if such debt had arisen, *before the commencement of the case*, except— [emphasis added]

(1) a debt of the kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; or

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed; or

(3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution [sic] regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

11 U.S.C. § 522(f) states: (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the *debtor may avoid the fixing a lien on an interest of the debtor in property to the extent that such lien impairs an exemption* to which the debtor would have been entitled under subsection (b) of this section, *if such lien is —*

*(A) a judicial lien* [emphasis added]

It is well established that appellate courts will not consider an issue which was not before the trial court and which is first raised on appeal. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). In a recent bankruptcy appeal, the First Circuit followed the general rule and refused to consider a new theory of the case first raised on appeal since it had not been presented to the bankruptcy court. *In re Rauh,* 119 F.3d 46, 51 (1st Cir.1997). Exceptions to this rule are rare and courts in this Circuit will consider arguments raised for the first time on appeal only in exceptional circumstances threatening a "clear miscarriage of justice." *Playboy Enter. Inc. v. Public Serv. Commm'n of Puerto Rico,* 906 F.2d 25, 40 (1st Cir.1990). Appellant claims that its failure to raise the issue should be excused because of the special circumstances involving the *sua sponte* reopening of the case. However, this argument ignores the fact that the appellant had two opportunities to raise the constitutionality of Section 522(f). Appellant could have presented the issue to the Bankruptcy Court in its initial objection or it could have raised the issue in a Motion for Reconsideration after the Court had issued its final order. Since the appellant could have preserved its rights regarding the issue by pursuing either of these options, and since the appellant has failed to show that the Bankruptcy Court's order threatens a clear miscarriage of justice, this Court rules that no exceptional circumstances exist in this case. As such, this Court lacks jurisdiction to hear the appellant's appeal on constitutional grounds.

### Reopening and Reversing the Bankruptcy Case Sua Sponte

Appellant contends that the Bankruptcy Court abused its discretion (1) by reopening the debtor's case *sua sponte* and (2) by reversing its earlier decision without further hearing. This Court rules that neither of these acts constitute an abuse of discretion.

Judge Hillman reopened the case pursuant to 11 U.S.C. § 350(b). Section 350(b) allows a bankruptcy court to reopen a case *sua sponte.* Specifically, the statute provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

In the instant dispute, the Bankruptcy Court reopened the case to permit the appellee to avoid the judicial lien held by the appellant. This purpose clearly falls within the "accord relief to a debtor" provision of Section 350(b). Hence, the Bankruptcy Court was well within its discretion in deciding to reopen the case.

Once the Bankruptcy Court reopened the appellee's case, it had the authority to reverse its decision and modify the debtor's exemptions without further hearing. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process.

11 U.S.C. § 105(a)

Section 105(a) grants the Bankruptcy Court broad authority to reconsider any of its own orders and to issue new orders *sua sponte* whenever necessary to carry out provisions of the Bankruptcy Code. *In re H.K. Porter Company, Inc.,* 156 B.R. 149, 150 (Bankr.W.D.Pa.1993) *citing, In re Brielle Associates,* 685 F.2d 109, 111 (3d Cir.1982).

Moreover, in this case, the appellant cannot show that it was unduly prejudiced by the Court's decision to reverse itself without further hearing. The appellant had already presented its principal argument to the Court prior to the Court's first decision. The Court clearly understood the appellant's argument and was initially persuaded by it. However, after reviewing the *In re Whalen–Griffin* decision and reflecting upon the facts of the case, the Court ultimately reversed itself and ruled in favor of the appellee. In such circumstances, the appellant cannot suc-

cessfully argue that it was denied an opportunity to be heard.[2]

### Conclusion

For the reasons stated above, this Court affirms the March 25, 1997 Order of the Bankruptcy Court.

---

2. Appellant's contention that it was unfairly prejudiced by the sua sponte ruling because it was prevented from raising the ancillary argument regarding the constitutionality of Section 522(f) is meritless. The appellant could have preserved its rights regarding the issue by either presenting the issue to the Bankruptcy Court in its initial objection or raising the issue in a Motion for Reconsideration after the Bankruptcy Court issued its final order.