## Mary J. Weller *vs.* Henry D. Weller.

Hampden. Sept. 27. — Oct. 22, 1881. Lord & Devens, JJ., absent.

The assignment, as her dower, to the widow of a person who acquired a homestead under the St. of 1855, c. 238, which existed at his death, of certain specific rooms in the house and certain specific parcels of land, with rights of way over other parts of the house and over parts of the remaining land, does not make her a tenant in common of the servient estate with the heir at law of the deceased, so as to bar her of an estate of homestead in the premises.

Petition, under the Gen. Sts. c. 104, § 9, by the widow of William Weller, against the sole heir at law of said Weller, for partition of certain land in Westfield, by setting off to the petitioner an estate of homestead therein. Trial in the Superior Court, without a jury, before *Rockwell*, J., who ordered commissioners to be appointed to set off the homestead, as prayed for

in the petition; and reported the case for the determination of this court. The facts appear in the opinion.

*H. W. Ely & C. F. Ely*, for the respondent.

*H. Fuller*, for the petitioner.

FIELD, J. Although it is stated in the report that the case was brought to the Superior Court from the Probate Court by appeal, it appears, from the transcript of the record of the Probate Court referred to in the report, that the petition was ordered to be removed to the Superior Court pursuant to the St. of 1874, *c.* 266. The estate of homestead was acquired by the husband of the petitioner under the St. of 1855, *c.* 238, and existed at his death; and it is admitted " that the petitioner is entitled to an estate of homestead, unless barred of the same in consequence of easements or privileges granted to her by the commissioners in setting off her dower to her on her own petition by decree of the Probate Court."

It is contended that these easements and privileges make the petitioner and respondent tenants in common of the estate, and prevent her from maintaining the petition.

The assignment of dower in itself does not defeat the right of the petitioner to an estate of homestead in addition to the dower. *Mercier* v. *Chace*, 11 Allen, 194. *Silloway* v. *Brown*, 12 Allen, 30, 33. *Bates* v. *Bates*, 97 Mass. 392. *Cowdrey* v. *Cowdrey, ante*, 186.

It has been held that an estate of homestead under the statute of 1855 cannot be originally acquired in land conveyed to the claimant of the homestead as a tenant in common with others. *Thurston* v. *Maddocks*, 6 Allen, 427. But, if the householder have a wife, it has never been held that an estate of homestead once acquired is lost or impaired by any subsequent act, whereby the title to an undivided part of the premises has become vested in a stranger, unless the right to an estate of homestead is released in accordance with the Gen. Sts. *c.* 104, §§ 7, 8. In *Bates* v. *Bates, ubi supra*, the dower was assigned to the widow in one third of the rents, issues and profits of the whole land as a tenant in common with the other owners of the estate, and this interest in the rents, issues and profits she afterward conveyed by deed to the respondent, who was mortgagee in possession of all the interest in the land which her husband could convey

without her concurrence. And it was held that she could do nothing to impair the grant she had made; that "By her conveyance, an undivided interest in the land had become no longer subject to an estate of homestead, because her dower as assigned is a tenancy in common not subject to partition, and exempted from partition as an element of its value;" and that, as an estate of homestead cannot be assigned in rents, issues and profits, "she had by her own act made it impossible to assign to her any separate part of the estate by metes and bounds as a homestead, and must be held to have intended to relinquish any such claim."

In the case at bar, the report of the justice of the Superior Court states that the "commissioners in setting off said estate of dower gave the widow a privilege in common with the other interests in said premises to pass in or out of the hall of the house on said premises; also the use in common with the other interests of said premises to the south room or kitchen and a right to the front and back yards in common with the other interests." The report of the commissioners, which is referred to in said report, assigns dower as follows: "We then set off to Jane Weller, widow of William Weller, her dower in said estate, viz. one third in value as follows: In the house, the front parlor and the bedroom adjoining, also the room at the southerly end of the hall on the second floor, also the cupboard situated in the hall of the first floor, also the entire wood-house, also the well-room and well in common with the other interests in the estate, and also so much of the cellar as is situated directly under the parlor aforesaid, and also a right of way from the front door through the front hall and sitting-room to the well-room and wood-house before described, and also a right up the front stairs to the room on the second floor before described. In the land as follows, commencing on Bartlett Street at the southeasterly corner of the premises of the said late William Weller, thence westerly on said street twenty-three feet, thence northerly parallel with the easterly line of said premises thirty-three feet, thence easterly to the east line of said premises, thence southerly to place of beginning. Also the northerly half of the front yard situated westerly of the walk leading to the front door, also the right of way over the said walk. Also a right of way in

common with the other interests in the estate over all the land belonging to the estate lying westerly of twenty-three feet from the easterly line of said premises." By this last-named report, it appears that there were assigned to the petitioner as her dower certain specific rooms in the house and certain specific parcels of land with rights of way over other parts of the house and over parts of the remaining land, and "also the well-room and well in common with other interests," which we construe to mean a right to use the well-room and to take water from the well in common with others. These rights are easements appurtenant to the premises specifically assigned to her as her estate in dower. *Dennis* v. *Wilson*, 107 Mass. 591. *Symmes* v. *Drew*, 21 Pick. 278. *Hoffman* v. *Savage*, 15 Mass. 130.

As tenant for life of the estate to which these easements are appurtenances, the petitioner is not tenant in common with the respondent of the servient estate, and there is no more difficulty in setting off her estate of homestead out of the land of the respondent than in any case where the land out of which the assignment is to be made is subject to easements appurtenant to other land.

The petitioner has done no act making it impossible or impracticable to set off her estate of homestead, and the acceptance of her dower as assigned to her by the decree of the Probate Court is clearly not an abandonment of her claim to an estate of homestead. *Judgment for the petitioner.*