**In re Mark Donovan JOHNSON, f/d/b/a Pine Management, f/d/b/a Pine Real Estate, f/d/b/a Pine Real Estate & Management, Debtor.**

**Bankruptcy No. 94–20855.**

United States Bankruptcy Court,
D. Wyoming.

May 30, 1995.

James R. Belcher, Holland & Hart, Cheyenne, WY, for plaintiff.

Stephen R. Winship, Winship & Winship, Casper, WY, for defendant.

## OPINION AND ORDER ON OBJECTIONS TO HOMESTEAD EXEMPTION AND DEBTOR'S MOTION FOR LIEN AVOIDANCE

PETER J. McNIFF, Bankruptcy Judge.

In this chapter 7 case, the trustee, Gary A. Barney, and a creditor, Pitchfork Development Company (Pitchfork), filed objections to the homestead exemption claimed by the debtor, Mark Donovan Johnson. Pitchfork, and other creditors, Margot Belden, Doug and Pat McBride, and Pine Management (collectively the Belden Creditors) also objected to the debtor's motion to avoid their judgment liens. The court held a hearing on these matters on April 3, 1995. At the hearing, Johnson was represented by Stephen R. Winship. The trustee, Gary A. Barney, did not appear. The objecting creditors were represented by James R. Belcher.

The evidence presented to the court was relevant to both issues. Thus the court, having considered the evidence and testimony, the arguments of the parties, and the applicable law, and being fully advised, issues its order on both matters.

*The facts*

Johnson has owned real property in Teton County, Wyoming, since October 29, 1992; specifically, Lot 8 of the Pitchfork Townhomes Addition. He has resided in various states since that purchase. The locations include Steamboat Springs, Colorado from June, 1993 to October 15, 1993; Jackson, Wyoming from October 15, 1993 to April 15, 1994, and again from November 1, 1994 to the date of the hearing; and Nisswa, Minnesota from April 15, 1994 to November 1, 1994.

Johnson has been married to Ann Joyce Johnson since September 16, 1989. Mrs. Johnson resided in Steamboat Springs, Colorado, both before and after the marriage. Mrs. Johnson filed a Colorado State income tax return as a permanent Colorado resident for the tax year 1994. Until she moved to Jackson, Wyoming, on October 9, 1994, Mrs. Johnson was domiciled and resided in Colorado.

On October 9, Johnson's townhouse was leased. From November 1, 1994 until December 1, 1994, when the lease terminated, both Johnsons lived in a Jackson, Wyoming, motel. On December 1, 1994, they moved into Mr. Johnson's townhouse.

During the time that Johnson owned the house and lived elsewhere, he leased all or portions of the house to various tenants,

while occasionally storing property on the premises. He has not filed tax returns in Colorado. Both Johnsons are driving with current Colorado driver's licenses.

Mr. Johnson's employment history includes seasonal ski resort work. During the non-skiing period of 1994, he was the manager of a summer, seasonal lake resort in Minnesota. He testified that he never intended to remain in Minnesota permanently, having knowingly accepted seasonal employment.

Two (2) default judgments were entered against Mr. Johnson by the Wyoming District Court for the Ninth Judicial District. The earlier judgment is in favor of Pitchfork in the amount of $19,971.00, entered August 3, 1994. The other is in favor of the Belden creditors in the amount of $23,006.15, entered November 9, 1994. The parties agree that these judgments attached to the real property and are judicial liens within the avoidance provisions of 11 U.S.C. § 522(f).

On December 2, 1994, the same state court entered an order holding that "based on the facts as of the date of this hearing (November 9, 1994) Defendant's (Mark Johnson's) claim of a Homestead Exemption is denied;" and that "based on the facts as of the date of this hearing, Defendant is a resident of the State of Wyoming."

Mark Johnson filed his voluntary chapter 7 petition for relief in this court on December 5, 1994. Mrs. Johnson has not filed for bankruptcy relief. For purposes of § 522(b)(2)(A), the 180–day period prior to the bankruptcy filing began on June 8, 1994.

In Schedule C filed with his petition, Mr. Johnson claimed a homestead exemption under Wyoming Statute § 1–20–101 (1988). Mr. Johnson also claimed a homestead exemption for Mrs. Johnson.

Mr. Johnson's schedules valued his real property at $221,000. The testimony and schedules set the amount of the mortgages encumbering the property at approximately $200,000. As no other evidence was presented, the court adopts these figures as the fair market value of the property and the amount of the mortgage outstanding for the purposes of this ruling.

*The Issues*

1. Whether Mr. Johnson is entitled to a homestead exemption from this bankruptcy estate;

2. Whether Mrs. Johnson is entitled to a homestead exemption from this bankruptcy estate; and

3. Whether Mr. Johnson can avoid any portion of the judgment liens attached to the real property identified as Lot 8 of Pitchfork Townhomes Addition.

*Mr. Johnson's Exemption*

Mr. Johnson claims the homestead exemptions through § 522(b) of the Bankruptcy Code, which states:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...

(2)(A) any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place.

As authorized by § 522(b)(2)(A), the Wyoming Legislature opted out of the Federal exemptions and provided that the Wyoming exemptions apply in bankruptcy cases filed in this District. Wyo.Stat. § 1–20–109 (1988). Thus, to the extent that a Wyoming debtor meets the domicile requirement of § 522(b)(2)(A), he claims his exemptions under Wyoming law.

Pitchfork argued in its pleadings that the state court has already determined the question of Mr. Johnson's homestead exemption and argued at the hearing that Mr. Johnson was not domiciled in Wyoming during the 180 days preceding the filing. Therefore, he could not claim an exemption under Wyoming law. The court must first determine the debtor's domicile, in order to know whether Wyoming law is even pertinent.

A person can have only one (1) domicile at a time, although a person may have more than one (1) residence. *In re Hodgson,* 167 B.R. 945, 950 (D.Kan.1994). A

domicile is a person's permanent residence, and its determination is a function of intent and physical presence. *Id.* When a person has more than one (1) residence, intent is particularly relevant. Intent is established by considering all circumstances, including the person's conduct and statements. *Id.* at 951.

■ The court concludes that Mr. Johnson's domicile during the 180 days preceding his bankruptcy was in Wyoming. He did not reside in Colorado during that time period, nor did he vote there or file a Colorado tax return. The uncontroverted testimony established that the time Johnson spent in Minnesota was strictly for employment reasons. He did not intend to make Minnesota his home. During those six (6) months, Mr. Johnson continued to hold his Wyoming property. There is no indication that he intended to permanently remain in any other state. Consequently, the exemptions applicable to this bankruptcy case are those provided under Wyoming law.

The Wyoming homestead exemption is found in Wyoming Statute § 1–20–101 (1988), which provides that "[e]very resident of the state is entitled to a homestead not exceeding ten thousand dollars ($10,000.00) in value." The homestead exemption may be claimed "when occupied by the owner or the person entitled thereto." Wyo.Stat. § 1–20–102 (1988).

■ The statute is clear, and the case law is well established, that the property in which a homestead exemption is claimed must be occupied by the person entitled to the exemption at the time the exemption is claimed. *Geist v. Converse County Bank,* 79 B.R. 939, 940 (D.Wyo.1987); *Wambeke v. Hopkin,* 372 P.2d 470 (Wyo.1962). The statutes and the case law indicate that those entitled to claim a homestead exception may include an owner, a widow, minor children, or the head of a family. *Id.*

■ Pitchfork urges the court to give collateral estoppel effect to the state court order of December 2, 1994. In the Tenth Circuit, as elsewhere, the elements necessary to bar relitigation of issues previously determined are clearly set forth in *Murdock v. Ute*

*Indian Tribe of Uintah and Ouray Reservation,* 975 F.2d 683 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993). One of the requisite elements is that the issue previously decided must be identical with the one now presented for preclusion. *Id.* at 687.

■ Under § 522, the validity of an exemption is determined as of the date of the filing of the petition. *In re Pancratz,* 175 B.R. 85, 91 (D.Wyo.1994); 11 U.S.C. § 522(b)(2)(A). Judge Rogers recognized that the occupancy of a residence changes, because he specifically based his decision on the facts in evidence on November 9, 1994. Whether Mr. Johnson occupied the residence on December 5, 1994, the date he filed his bankruptcy petition, was not litigated in the state court. And the parties agreed that the underlying facts had changed by the date of the bankruptcy.

■ Consequently, the state court decision is not determinative here. Mr. Johnson occupied his townhouse on the date the bankruptcy petition was filed. This court concludes that Mr. Johnson's claim of a homestead exemption under Wyoming law is valid. The objections of Pitchfork and the trustee are overruled.

*Mrs. Johnson's Exemption*

Turning again to § 522(b), the statute states that "an individual debtor may exempt from property of the estate . . . any property that is exempt under . . . State or local law." Section 522(*l*) states that "[t]he debtor shall file a list of property that the debtor claims as exempt. . . . If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor."

■ Johnson argues that a debtor's spouse may claim an exemption from property of the debtor's estate. However, there is no provision for non-filing persons to claim their own exemptions from the debtor's estate. The statutory language is clear that the exemptions must be claimed by or on

behalf of the debtor. What is not so clear is whose exemptions the debtor may claim?

■ Under some circumstances, a *debtor* may be able to claim a State law exemption which is personal to a non-filing person. But even if that is possible, the exemption must be valid under the applicable state law.

■ In this case, Mrs. Johnson's exemption fails under Wyoming law. Wyoming Statute § 1–20–102(b) states: "When two (2) or more persons jointly own and occupy the same residence, each shall be entitled to the homestead exemption." Thus, Wyoming permits two (2) persons to aggregate two (2) exemptions in one (1) property under the specific conditions of occupancy *and* ownership.

Mrs. Johnson has no ownership interest in the residence, and in fact testified that she owned no real property. This result is supported by Wyoming case law which generally allows non-owners to claim the head of the family exemption, or the husband's exemption. See *Wambeke v. Hopkin*, 372 P.2d at 473–474; *Stolldorf v. Stolldorf*, 384 P.2d 969, 971 (Wyo.1963).

Thus, the court holds that the debtor may claim his own exemption, but that the debtor's non-filing spouse is not entitled to an exemption from this bankruptcy estate. The court is not determining whether Mrs. Johnson may acquire some future right to an exemption when the property is no longer property of this bankruptcy estate, or whether Mrs. Johnson can assert whatever rights she has under Wyoming law in any state court proceeding.

*Lien Avoidance*

Mr. Johnson seeks, by application of § 522(f), to avoid the judicial liens of Pitchfork and the Beldon creditors which encumber his property and impair his homestead exemption. The Code provides under § 522(f)(1):

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled

under subsection (b) of the section, if such lien is—

(A) a judicial lien ...

The parties do not dispute that the judgment liens of Pitchfork and Belden do impair Mr. Johnson's homestead exemption. However, the creditors argue that the liens fixed on the property before Johnson had a homestead right (occupancy), and therefore, the liens are not avoidable. In support of the argument, the creditors cite the holding of the United States Supreme Court in *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In *Farrey*, the Supreme Court held that a debtor must possess the property interest to which a judgment lien attached, before it attached, in order to avoid the fixing of the lien on that property interest. *Id.* at 299, 111 S.Ct. at 1830.

■ This court believes that the property interest in question is the ownership interest rather than the right to a homestead exemption. But regardless, the matter has been resolved by the United States Supreme Court in another case decided the same day as *Farrey*.

■ In *Owen v. Owen*, 500 U.S. 305, 314 n. 6, 111 S.Ct. 1833, 1838 n. 6, 114 L.Ed.2d 350 (1991), the Court specifically discounted the argument that Pitchfork and Belden make here. In response to the dissent, the Court rejected the argument that the lien impairs an "exemption to which the debtor would have been entitled at the time the lien fixed" and found that exemptions are determined on the date of the filing of the petition. Thus, the lien can be avoided if the debtor had an exemption on the date of filing, whether or not the exemption existed when the lien attached.

*Extent of Lien Avoidance*

■ Mr. Johnson can avoid the judicial liens to the extent allowed by the Code and as clarified in the Bankruptcy Reform Act of 1994. In § 522(f)(2)(A) & (B), the Code sets forth a fairly straightforward method of determining the amount of a lien which may be avoided. The value of the property used in the formula is the fair market value, and sale

costs are not deducted. *In re Windfelder,* 82 B.R. 367, 372 (Bankr.E.D.Pa.1988).

Turning first to Pitchfork's lien, which has priority over Belden's, the application of the statute is clear. In this case, the applicable values as of the date of filing are:

| | | |
|---|---|---|
| Value of real property: | $221,000.00 |
| First mortgage | : | 200,000.00 |
| Homestead Exemption: | 10,000.00 |
| Pitchfork lien | : | 19,971.00 |
| Belden lien | : | 23.006.15 |

The sum of the Pitchfork lien, the mortgages, and the homestead exceed the value of the property by $8,971.00. Thus, that much of the Pitchfork lien may be avoided. Pitchfork retains its lien to the extent that it is supported by value after satisfaction of the exemption, i.e., $11,000.00. Obviously, all of the Belden creditors' lien is avoidable. Thus, it is

ORDERED that Mr. Johnson's claim of a homestead exemption is allowed; and, it is further

ORDERED that the claim of a homestead exemption by Mr. Johnson for his spouse, Ann Johnson, is disallowed and the objections thereto are sustained; and, it is further

ORDERED that the lien of Pitchfork Development Corporation is avoided in the amount of $8,971.00; and, it is further

ORDERED that the lien of Margot Belden, Doug and Pat McBride, and Pine Management is avoided in its entirety.