**In re Marilyn A. FRACASSO, Debtor.**

**Marilyn A. FRACASSO, Appellant,**

**v.**

**L. George REDER, Trustee, Appellee.**

**BAP No. MW 97–056.**

United States Bankruptcy Appellate Panel of the First Circuit.

July 15, 1998.

Kirk Whitaker Jones, Barrington, MA, with whom Louis S. Robin, and Fitzgerald, O'Brien, Robin & Shapiro, Longmeadow, MA, were on brief, for appellant.

L. George Reder, Pittsfield, MA, was on brief, for appellee.

Before HAINES, VAUGHN and CARLO, Bankruptcy Judges.

PER CURIAM.

The Debtor appeals the bankruptcy court's order sustaining the Chapter 7 trustee's objection to her Massachusetts homestead exemption. *See In re Fracasso,* 210 B.R. 221 (Bankr.D.Mass.1997). We reverse.

### JURISDICTION, STANDING, AND STANDARD OF REVIEW

■ We have jurisdiction under 28 U.S.C. § 158(a)(1). An order sustaining an objection to exemption is a reviewable final order. *See In re Shubert,* 106 F.3d 501, 502 (3d Cir.1997); *Slimick v.. Silva (In re Slimick),* 928 F.2d 304, 306–09 (9th Cir.1990); *In re Weinstein,* 217 B.R. 5, 6 (D.Mass.1998), *appeal pending; see also East Cambridge Sav. Bank v. Silveira (In re Silveira),* 141 F.3d 34 (1st Cir.1998) (court of appeals reviewing lien avoidance order without discussion of jurisdiction); *see generally In re Saco Local Dev. Corp.,* 711 F.2d 441, 442–48 (1st Cir.1983) (Breyer, J.) (discussing bankruptcy appellate jurisdiction); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643 (1st Cir. BAP 1998) (same).

There are no standing concerns in this appeal, as the trustee was unquestionably a proper party to assert the objection, *see Edmonston v. Murphy (In re Edmonston),* 107 F.3d 74, 77 (1st Cir.1997), and the debtor's interests are unquestionably directly affected by the order challenged here. *See Kehoe v. Schindler (In re Kehoe),* 221 B.R. 285 (1st Cir. BAP 1998).

The appeal raises legal issues only. Our review is *de novo. See Krikor Dulgarian Trust v. Unified Management Corp. of Rhode Island, Inc. (In re Peaberry's Ltd.),* 205 B.R. 6, 7 (1st Cir. BAP 1997); *see also LaRoche v. Amoskeag Bank (In re LaRoche),* 969 F.2d 1299, 1301 (1st Cir.1992).

### DISCUSSION

*Dispute*

The Debtor claimed a homestead exemption under the Massachusetts homestead statute. *See* 11 U.S.C. § 522(b)(2)(A); Mass. Gen. Laws ch. 188, § 1 (Supp.1998). The bankruptcy court sustained the trustee's ob-

jection because many, perhaps all, of the estate's creditors held claims based on contractual relations with the debtor predating her formal acquisition of a homestead estate. *See* Mass. Gen. Laws ch. 188, § 2; *In re Fracasso,* 210 B.R. at 221–22, 228. Under the Massachusetts exemption statute, which the Debtor invoked in preference to the federal exemption scheme, debts "contracted prior to the acquisition of the ... estate of homestead" are excepted from the exemption. Mass. Gen. Laws ch. 188, § 1(2); *In re Fracasso,* 210 B.R. at 223.

The court below held that " § 522(c) of the Code does not restrict the right of the Commonwealth of Massachusetts, as reserved to the states by Congress, to craft its Homestead Statute with an exception for prehomestead debts." *In re Fracasso,* 210 B.R. at 228.

*Disposition*

 We need not linger long in our *de novo* review. The legal issue before us was recently examined at length by another panel of this court affirming a bankruptcy judge's lien avoidance order affecting Massachusetts homestead property. *See In re Leicht,* 222 B.R. 670 (1st Cir. BAP 1998). That panel determined that § 522(c) of the Bankruptcy Code overrides the provision in the state statute excepting from the debtor's homestead exemption contractual obligations incurred prior to acquisition of the homestead estate. The *Leicht* panel stated: "[T]he conclusion that the Massachusetts law 'conflicts' with the Bankruptcy Code's congressionally-intended operation, and must give way to the Code's preemptive powers, is unavoidable." *Id.* at 680. The result is prescribed by the federal fresh start policies embodied in § 522(c). *See In re Leicht,* 222 B.R. at 680–81(citing, *inter alia, In re Weinstein,* 217 B.R. 5, 7–8; *In re Whalen–Griffin,* 206 B.R. 277, 290–92 (Bankr.D.Mass.1997); *In re Boucher,* 203 B.R. 10, 12–13 (Bankr.D.Mass. 1996)). We agree.

*In re Leicht* is a poison pill for the Appellee. The *Leicht* panel expressly considered and rejected the holding now on appeal before us, *see id.,* 222 B.R. at 677, stating: "We

reject *In re Fracasso's* conclusion because it rests on a fundamental misperception regarding the extent to which Congress truncated its deference to state exemption policy...." *Id.*

We need say no more. The bankruptcy court's order sustaining the trustee's objection to the debtor's homestead exemption is REVERSED.