[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-9015

IN RE: MARILYN A. FRACASSO,

Debtor,

MARILYN A. FRACASSO,

Appellee,

v.

L. GEORGE REDER, TRUSTEE,

Appellant.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

OF THE FIRST CIRCUIT

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

L. George Reder on brief pro se.
Kirk Whitaker Jones, Louis S. Robin and Fitzgerald, O'Brien,
Robin & Shapiro on brief for appellee.

May 15, 1999

Per Curiam. Debtor-appellee Marilyn A. Fracasso
claimed a homestead exemption under the Massachusetts homestead
statute, Mass. Gen. Laws ch. 188, 1. The trustee-appellant L.
George Reder, the Chapter 7 trustee in bankruptcy of the
debtor, filed an Objection to Debtor's Claim of Exemptions, on
the ground that the debts were contracted prior to the formal
acquisition of the homestead estate and, therefore, were
excepted from the exemption. See Mass. Gen. Laws ch. 188,
1(2). The bankruptcy court sustained the objection, ruling
that "522(c) of the Code does not restrict the right of the
Commonwealth of Massachusetts, as reserved to the states by
Congress, to craft its Homestead Statute with an exception for
prehomestead debts." In re Fracasso, 210 B.R. 221, 228 (Bankr.
D. Mass. 1997).
The United States Bankruptcy Appellate Panel for the
First Circuit ("BAP") reversed the bankruptcy court's order
sustaining the trustee's objection to the debtor's homestead
exemption. See In re Fracasso, 222 B.R. 400 (1st Cir. BAP
(Mass.) 1998). The BAP (in reliance upon a decision by another
panel of that court) held that " 522(c)[of the Bankruptcy
Code] overrides the provision in the state statute excepting
from the debtor's homestead exemption contractual obligations
incurred prior to acquisition of the homestead estate." Id. at
401. The trustee appeals from the BAP's judgment reversing the
bankruptcy court's order.
The sole issue on appeal is whether the Bankruptcy
Code preempts Mass. Gen. L. ch. 1(2), excepting from the
exemption statute debts contracted prior to the acquisition of
the homestead. This very issue was recently decided by another
panel of this court. In In re Weinstein, 164 F.3d 677, 683 (1st
Cir. 1999), this court held that "section 1(2) of the homestead
statute is preempted by 522(c) of the Code." We are bound by
that prior panel decision. See United States v. Caron, 64 F.3d
713, 718 (1st Cir. 1995).
The judgment of the BAP, dated July 15, 1998, is
affirmed. See Loc. R. 27.1.