USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First Circuit
No. 98-9015 IN RE: MARILYN A. FRACASSO, Debtor, _____________________ MARILYN A. FRACASSO, Appellee, v. L. GEORGE REDER, TRUSTEE, Appellant. APPEAL FROM THE BANKRUPTCY APPELLATE PANEL OF THE FIRST CIRCUIT Before Torruella, Chief Judge, Campbell, Senior Circuit Judge, and Lynch, Circuit Judge. L. George Reder on brief pro se. Kirk Whitaker Jones, Louis S. Robin and Fitzgerald, O'Brien,
Robin & Shapiro on brief for appellee.
May 15, 1999 Per Curiam. Debtor-appellee Marilyn A. Fracasso claimed a homestead exemption under the Massachusetts homestead statute, Mass. Gen. Laws ch. 188, 1. The trustee-appellant L. George Reder, the Chapter 7 trustee in bankruptcy of the debtor, filed an Objection to Debtor's Claim of Exemptions, on the ground that the debts were contracted prior to the formal acquisition of the homestead estate and, therefore, were excepted from the exemption. See Mass. Gen. Laws ch. 188, 1(2). The bankruptcy court sustained the objection, ruling that "522(c) of the Code does not restrict the right of the Commonwealth of Massachusetts, as reserved to the states by Congress, to craft its Homestead Statute with an exception for prehomestead debts." In re Fracasso, 210 B.R. 221, 228 (Bankr. D. Mass. 1997). The United States Bankruptcy Appellate Panel for the First Circuit ("BAP") reversed the bankruptcy court's order sustaining the trustee's objection to the debtor's homestead exemption. See In re Fracasso, 222 B.R. 400 (1st Cir. BAP (Mass.) 1998). The BAP (in reliance upon a decision by another panel of that court) held that " 522(c)[of the Bankruptcy Code] overrides the provision in the state statute excepting from the debtor's homestead exemption contractual obligations incurred prior to acquisition of the homestead estate." Id. at 401. The trustee appeals from the BAP's judgment reversing the bankruptcy court's order. The sole issue on appeal is whether the Bankruptcy Code preempts Mass. Gen. L. ch. 1(2), excepting from the exemption statute debts contracted prior to the acquisition of the homestead. This very issue was recently decided by another panel of this court. In In re Weinstein, 164 F.3d 677, 683 (1st Cir. 1999), this court held that "section 1(2) of the homestead statute is preempted by 522(c) of the Code." We are bound by that prior panel decision. See United States v. Caron, 64 F.3d 713, 718 (1st Cir. 1995). The judgment of the BAP, dated July 15, 1998, is affirmed. See Loc. R. 27.1.