NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1134
_____

IN RE: STERGIOS AND RENEE MESSINA,

Debtors

STEVEN R. NEUNER,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cv-01677)
District Judge: Honorable Jerome B. Simandle

_____

Argued March 3, 2009
Before: SLOVITER, SCIRICA and HARDIMAN, *Circuit Judges.*

(Filed: July 9, 2010)

David A. Kasen [Argued]
Kasen & Kasen
1874 East Marlton Pike, Suite 3
Cherry Hill, NJ 08003
        *Attorney for Appellees*

Steven R. Neuner [Argued]
Neuner & Ventura
750 Route 73 South
Suite 210
Marlton, NJ 08053-0000
        *Attorney for Appellant*

———————

OPINION OF THE COURT

———————

HARDIMAN, *Circuit Judge*.

Bankruptcy Trustee Steven Neuner (the Trustee) appeals the District Court's order barring his motion to value at zero the exemption claimed by Debtors Stergios and Renee Messina. We held this appeal *c.a.v.* pending the Supreme Court's decision in *Schwab v. Reilly*, __ S.Ct. __, No. 08-538, 2010 WL 2400094 (U.S. June 17, 2010). We will vacate the District Court's Order and remand for redetermination in light of *Schwab*.

I.

Because we write for the parties, we will recount only those facts essential to our decision. On May 26, 2006, the Messinas filed their bankruptcy schedules, wherein they claimed a $36,900 homestead exemption under 11 U.S.C. § 522(d)(1) on Schedule C. Separately, Schedule D identified a secured mortgage in the amount of $113,657.86 held by Litton Loans and Schedule F listed an unsecured claim of $396,171.13 for a disputed mortgage held by National Penn Bank. The Trustee did not object initially to the homestead exemption.

On June 14 and 21, the Messinas sent the Trustee two letters outlining the alleged defects in the National Penn mortgage. On July 5, the Trustee initiated an adversary proceeding against National Penn to avoid the mortgage. On August 21, the Trustee

2

submitted for court approval a $200,209.64 offer to purchase the Messinas' residence, which the Bankruptcy Court approved on September 11, and the Trustee completed the sale on September 13. On October 18, the Trustee settled the avoidance action, whereby National Penn consented to avoid its mortgage with regard to the bankruptcy estate and to other lien-holders with valid, perfected and unavoidable liens on the property.

The Messinas then claimed their homestead exemption should be satisfied by the remaining proceeds from the sale of their home. On November 17, the Trustee moved for a court order valuing the Messinas' exemption at zero,[1] on the grounds that the Messinas had no equity in their home to which the homestead exemption could attach. The Messinas cross-moved for a court order to have the Trustee pay them the amount of their exemption. The Bankruptcy Court granted the Trustee's motion and valued the Messinas' exemption at zero. The Messinas appealed to the United States District Court for the District of New Jersey, which reversed the Bankruptcy Court, holding the Messinas were entitled to their exemption because the Trustee's motion was an untimely objection under 11 U.S.C. § 522(l) and Rule 4003 of the Federal Rules of Bankruptcy as interpreted by *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992).

In *Schwab v. Reilly*, the Supreme Court modified *Taylor*. Relevant to this appeal, *Schwab* held that Rule 4003's thirty-day time limit applies to objections based on "three, and only three" elements of a claimed Schedule C exemption: (1) the description of the

---

[1] There is no dispute that this motion is to be treated as an objection to the exemption.

3

exempted property; (2) "the Code provisions governing the claimed exemptions;" and (3) the amount "listed in the column titled 'value of claimed exemption.'" *Schwab*, slip op. at 12-13. But when the objection is based on other elements—in that case, the debtor's market value estimation and "the estate's right to retain any value in the [property] beyond the value of the exempted interest"—the thirty-day time limit does not apply. *Id.* at 18-19, 22-23.

Because the District Court did not have the benefit of *Schwab*, we will vacate its order and remand for further proceedings in light of *Schwab*.